UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID R. WEIL,<br><br>Plaintiff,<br>v.<br><br>CITIZENS TELECOM SERVICES COMPANY, LLC, et al.,<br><br>Defendants. | CASE NO. C15-0835JLR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I. INTRODUCTION

Before the court is Defendants Citizens Telecom Services Company, LLC and Frontier Communications Corporation's (collectively, "Defendants") motion for partial summary judgment to limit plaintiff David R. Weil's damages claim. (Mot. (Dkt. # 68); *see also* Reply (Dkt. # 72).) Mr. Weil opposes Defendants' motion. (Resp. (Dkt. # 69).) Having considered the parties' submissions, the appropriate portions of the record, and

//

the relevant law,[1] the court GRANTS Defendants' motion for partial summary judgment to limit plaintiff's damages claim.

## II. BACKGROUND

This case involves alleged employment discrimination "on the basis of race, color, and sex."[2] (*See* Am. Compl. (Dkt. # 21) ¶ 1.) In his amended complaint, Mr. Weil, a male of East Indian descent, alleges that Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981; and the Washington Law Against Discrimination ("WLAD"), RCW 49.60.010 *et seq.*, when Defendants failed to promote him to the position of call center director and subsequently terminated his employment. (*See generally id.*) On October 6, 2016, the court granted Defendants' motion for summary judgment and dismissed this case based on the court's finding that Mr. Weil failed to raise a genuine dispute of material fact in support of his failure to promote claim and his wrongful termination claim. (*See* 10/6/16 Order (Dkt. # 51) at 16-24.)

Mr. Weil appealed, and the Ninth Circuit Court of Appeals affirmed the court's summary judgment ruling against Mr. Weil's wrongful termination claim, but reversed the court's summary judgment dismissal of Mr. Weil's failure to promote claim. (*See* 4/29/19 Op. (Dkt. # 60) at 14-19.) On the failure to promote claim, the Ninth Circuit held

---

[1] Neither party has requested oral argument (*see* Mot. at 1; Resp. at 1), and the court finds it unnecessary for the disposition of this motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] The court and the Ninth Circuit have set forth the relevant background of Mr. Weil's employment discrimination case in detail. (*See* 10/6/16 Order at 2-9; 4/29/19 Op. at 4-8.) The court repeats here only what is necessary to the outcome of this motion.

that the court improperly excluded a statement from one of Mr. Weil's co-workers as hearsay. (*See id.* at 8-14.) According to the Ninth Circuit, Mr. Weil's failure to promote claim survived summary judgment once the court considered the co-worker's statement. (*See id.* at 16-17.)

In analyzing Mr. Weil's wrongful termination claim, the Ninth Circuit recognized that the level of proof Mr. Weil needed to establish a *prima facie* case at the summary judgment stage "is minimal and does not even need to rise to the level of a preponderance of the evidence." (*Id.* at 18 (citing *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994)).) Despite this low evidentiary bar, the Ninth Circuit concluded that the "undisputed evidence" in this case shows that Mr. Weil's job performance was not satisfactory at the time Defendants terminated him. (*See id.* at 18-19). More specifically, the Ninth Circuit noted that "[Mr.] Weil's performance was steadily declining from 2011 to 2013;" that Mr. Weil's own evaluations of his performance "reflected performance that was unsatisfactory;" and that Mr. Weil "missed deadlines," "failed to complete action items in his [developmental action plan]," and was ultimately "placed on a [performance improvement plan] to address his performance and warned that termination was a possible outcome if he failed to improve." (*See id.*) Thus, the Ninth Circuit concluded that Mr. Weil's wrongful termination claim failed because the undisputed evidence showed that Defendants terminated Mr. Weil for poor job performance and not because of his membership in a protected class. (*See id.*) Additionally, the Ninth Circuit agreed with the court's conclusion that Mr. Weil failed to establish a genuine dispute of material fact on the fourth element of his *prima facie* wrongful termination claim—that

Defendants treated him differently than similarly situated employees outside his protected class. (*See id.* at 19.)

Defendants now move for partial summary judgment on the narrow issue of whether Mr. Weil is entitled to back pay or front pay after the date Defendants terminated him. (*See* Mot at 1-2, 8-12.) Specifically, Defendants argue that, as a result of the court's summary judgment ruling on Mr. Weil's wrongful termination claim and the Ninth Circuit's order affirming that ruling, there is no longer any dispute that Defendants lawfully terminated Mr. Weil. (*See* Mot. at 1-2, 12.) As such, Defendants assert that Mr. Weil's claims for back pay and front pay should be cut off at his termination date and limited as a matter of law to the amount of back pay that Mr. Weil would have been entitled to had he been promoted but then subsequently terminated. (*See id.* at 1-2 ("[E]ven if for the sake of argument Plaintiff succeeds on his remaining failure-to-promote claim, he cannot reap a windfall by recovering damages for a period following his lawful termination from employment. Thus, Plaintiff's potential damages should be cut off at the time of his termination.").) Defendants allege that Defendants decided not to promote Mr. Weil on April 1, 2013, and terminated him on August 15, 2013. (*See* Mot. at 12.) In response, Mr. Weil claims that Defendants can limit his entitlement to back pay only if Defendants can show that his loss of earnings was willful, which, he argues, Defendants have not shown. (*See* Resp. at 4-11.)

//

//

//

## III. ANALYSIS

**A. Legal Standard**

Defendants move for partial summary judgment under Federal Rule of Civil Procedure 56. (*See* Mot at 1.) Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her burden, then the non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial" to withstand summary judgment.[3] *Galen*, 477 F.3d at 658. On a motion for summary judgment, the court is "required to view the facts and draw reasonable inferences in the light most favorable to the [non-moving] party." *Scott v. Harris*, 550 U.S. 372, 378 (2007).

//

//

//

---

[3] The same standard and procedural rules apply to motions for partial summary judgment. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 768 (9th Cir. 1981) (noting that, on a motion for partial summary judgment "the moving party has the burden of showing that there is no genuine issue as to any material fact and that he is entitled to a partial summary judgment as a matter of law").

B.  **Defendants' Motion for Partial Summary Judgment**

    1.    <u>Standard for Front Pay and Back Pay</u>

Defendants' motion presents a single issue: Whether Mr. Weil is entitled to back pay or front pay after the date Defendants terminated him. "An award of back pay compensates plaintiffs for lost wages and benefits between the time of the discharge and the trial court judgment." *Johnson v. Spencer Press of Maine, Inc.*, 364 F.3d 368, 379 (1st Cir. 2004) (citations omitted). In contrast, "front pay is simply money awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement." *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 846 (2001). Back pay and front pay are amongst the available remedies under both state and federal law for employment discrimination claims. *See Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1020 (9th Cir. 2000) ("Title VII of the Civil Rights Act of 1964 permits courts to grant equitable remedies to employees who have been impermissibly discriminated against by employers . . . . The relevant remedies include reinstatement and awards of back pay and front pay." (citations omitted)); *Martini v. Boeing Co.*, 971 P.2d 45, 49-53 (Wash. 1999) (noting that WLAD permits recovery of front and back pay for successful discrimination claims).

State and federal law dictate that employees who prove claims of employment discrimination are entitled to back pay, front pay, or both so long as the employee establishes that his or her lost wages or earnings were caused by the discriminatory acts at issue. *See Rivera v. NIBCO, Inc.*, 384 F.3d 822, 833 n.16 (9th Cir. 2004) ("[T]he backpay or frontpay or reinstatement remedy [under Title VII] is only available where the

damages were *caused by* the discriminatory conduct."); *Gotthardt v. Nat'l R.R. Passenger Corp.*, 191 F.3d 1148, 1155 (9th Cir. 1999) ("To receive front pay, a Title VII plaintiff must show that her employer's violations of Title VII caused her loss of employment." (citations omitted)); *Martini*, 971 P.2d at 51-54 (noting that front pay and back pay are part of the plaintiff's "actual damages" under RCW 49.60.030(2) and, as such, awards of front pay and back pay in WLAD are subject to "determinations of both proximate cause and mitigation"). This focus on causation arises from the principle that "[t]he object of compensation is to restore the employee to the position he or she would have been in absent the discrimination." *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 362 (1995); *see also Albemarle Paper Co. v. Moody*, 422 U.S. 405, 421 (1975) (noting that one of the "central statutory purposes" of Title VII is "making persons whole for injuries suffered through past discrimination"). Thus, the court must determine whether there is a genuine dispute of material fact that Defendants' failure to promote Mr. Weil proximately caused him to lose wages and benefits after the date that Defendants terminated his employment.

Courts limit claims for back pay or front pay made by an employee who succeeds on the merits of their discrimination claims where the employee would have been subsequently terminated for lawful or non-discriminatory reasons. *See, e.g.*, *McKennon*, 513 U.S. at 360-63 (concluding that employee's remedy for successful claim under Age Discrimination in Employment Act of 1967 ("ADEA") can be limited by "after-acquired evidence of wrongdoing that would have led to termination on legitimate grounds had the employer known about it"); *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756,

759 (9th Cir. 1996) ("If an employer discovers that the plaintiff committed an act of wrongdoing and can establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone . . . , the employer does not have to offer reinstatement or provide front pay, and only has to provide backpay from the date of the unlawful discharge to the date the new information was discovered." (citing *McKennon*, 513 U.S. at 360-63) (internal quotations omitted)); *Dean v. Trans World Airlines, Inc.*, 924 F.2d 805, 812 (9th Cir. 1991) (affirming district court's conclusion that employee's subsequent discharge for a tax conviction served as an "independent intervening event" that cut off his damages claim in wrongful discharge case); *N.L.R.B. v. Fort Vancouver Plywood Co.*, 604 F.2d 596, 602 (9th Cir. 1979) ("Where the jobs affected by the illegal discharge would have been phased out anyway, regardless of the unfair labor practices, the Board must tailor its remedy to reflect the situation but for the violations." (citations omitted)); *Harper v. Godfrey Co.*, 45 F.3d 143, 149 (7th Cir. 1995) ("Regardless of whether the discrimination had occurred plaintiffs would have been fired in early 1987 for their misconduct. Accordingly, the district court correctly restricted their awards of back pay to the time preceding termination and disallowed their reinstatements."); *Easley v. Empire Inc.*, 757 F.2d 923, 925-26, 932 (8th Cir. 1985) (affirming trial court's decision to limit back pay in failure to promote claim to "the difference between the office manager's and retail manager's salary for the period from the approximate date of [the employee's] first request for promotion to the day of her discharge" where court found that the employee's subsequent discharge was justified); *Lewis v. Donley*, 487 F. App'x 373, 374 (9th Cir. 2012) ("[T]he court reviewed

the evidence and found Lewis had failed to establish that but for her EEO complaint she would not have been terminated, and concluded that she was actually terminated because she took leave without her employer's approval. This finding is not clearly erroneous, and precludes the award of reinstatement or back pay.").

Mr. Weil spends almost the entirety of his opposition brief advancing an argument that backpay and front pay can only be limited by a "willful loss of earnings." (*See id.* at 4-11.) Mr. Weil is correct that a willful loss of earnings can limit awards of back pay or front pay, but he is wrong that that is the only context in which courts limit such awards. If an employee is wrongfully terminated but fails to seek out other employment, then the employee's entitlement to back pay and front pay may be limited. *See, e.g.*, *Ford Motor Co. v. E.E.O.C.*, 458 U.S. 219, 231-32 (1982). Similarly, even if an employer wrongfully passes over an employee for a promotion, the employee's entitlement to back pay and front pay can still be limited if he or she is subsequently terminated for legitimate reasons. *See, e.g.*, *Easley*, 757 F.2d at 925-26, 932 (affirming trial court's decision to limit back pay in failure to promote claim because the employee's subsequent discharge was justified). In both scenarios, independent actions taken by the employee—failure to seek substitute employment or workplace conduct that results in lawful termination—severs the causal link between the employer's discrimination and the employee's lost wages.

    2.    <u>Application to Mr. Weil's Failure to Promote Claim</u>

Defendants argue that the Ninth Circuit's rejection of Mr. Weil's wrongful termination claim means that Mr. Weil is not entitled to back pay or front pay after the

date of his termination. (*See* Mot. at 1-2, 12.) The court agrees. As the court has noted, the question boils down to causation. *See Rivera*, 384 F.3d at 833 n.16; *Gotthardt*, 191 F.3d at 1155; *Martini*, 971 P.2d at 51-54. Here, the "undisputed evidence" shows that Mr. Weil was performing poorly at his job at the time he was terminated, such that Mr. Weil cannot even make the "minimal" showing necessary to establish a *prima facie* case of wrongful termination. (*See* 4/29/19 Op. at 18-19.) Thus, in the "but for" world where Defendants promoted Mr. Weil, Mr. Weil still would have been lawfully terminated on account of his poor job performance.

Mr. Weil's central argument that his loss in employment was not willful (Mot. at 9-11) misses the point. As noted above, although a showing that a terminated employee willfully lost earnings or failed to adequately minimize his damages by finding substitute employment is one of the instances in which courts limit back pay and front pay awards, it is not the only situation in which courts limit such awards. *See supra* § III.B.1. One other situation in which courts cut off back pay and front pay awards is where an employee is terminated subsequent to the discriminatory conduct for independent, non-discriminatory reasons. *See, e.g.*, *Easley*, 757 F.2d at 925-26, 932. The latter scenario is the one Mr. Weil is faced with here. Thus, the question is whether Mr. Weil can show that Defendants' alleged acts of discrimination in failing to promote him caused his termination and subsequent damages.

Mr. Weil's opposition to the current motion offers no evidence showing that Defendants' failure to promote him caused the poor performance that the Ninth Circuit

//

identified.[4]  (*See generally* Resp.)  The most Mr. Weil offers on this causal question appears in a footnote in his response brief where he argues that "had [Mr.] Weil been promoted to Call Center Director in April 2013, he would not have been in the Call Center Position, and subject to the supervision of Ms. Brown, from which he was terminated in August 2013."  (*See* Resp. at 8 n.2.)  There are at least two flaws with this argument.  First, the one case Mr. Weil cites in support of that claim, *Johnson v. Spencer Press of Maine, Inc.*, was a constructive discharge case that does not support Mr. Weil's argument.  364 F.3d 368 (1st Cir. 2004).  The First Circuit explicitly distinguished the circumstances in the constructive discharge context from circumstances like those present here:

> This issue is different from the issue of cutting off back and front pay where there is after-acquired evidence of wrongdoing that would have resulted in the employee's discharge from [the plaintiff's original employer].  In such cases, the Supreme Court has held that both front and back pay are indeed cut off at the time the defendant discovers evidence that would have led it to fire the plaintiff on legitimate grounds.

*Id.* at 382 n.14 (citing *McKennon*, 513 U.S. at 361-62).  Because the evidence in this case shows that Defendants terminated Mr. Weil on "legitimate grounds," *Johnson* supports Defendants' position, not Mr. Weil's.

Second, even if Mr. Weil could identify authority supporting his position, he does not cite any evidence in support of his claim that he would not have been terminated had

---

[4] In fact, the evidence Mr. Weil points to merely confirms the Ninth Circuit's conclusion that Mr. Weil was terminated for poor job performance.  (*See* Venneberg Decl. (Dkt. # 70) ¶ 3, Ex. A (stating that Mr. Weil was terminated due to his "formal PIP (Performance Improvement Plan) and inability to overcome [his] performance gaps"; *id.* ¶ 4, Ex. B (stating that "Defendant terminated Plaintiff's employment for performance issues and his continued failure to meet the performance standards expected of an employee in his position").)

he been promoted to a different position. (*See* Resp. at 8 n.2.) Without evidence, this argument does nothing more than identify the kind of "metaphysical doubt as to the material facts" that does not rise to the level of a genuine dispute of material fact. *See Scott*, 550 U.S. at 380.

Thus, Defendants motion for partial summary judgment is GRANTED. The court concludes that, even if Mr. Weil prevails on his failure to promote claim, he is not entitled to front pay and is only entitled to back pay for the period between the date that he was denied a promotion and the date of his discharge. However, because Defendants' motion for partial summary judgment seeks summary judgment only on Mr. Weil's entitlement to front pay and back pay, the court's ruling on this motion should not be construed as a limitation on any other form of damages that may be available under Title VII, 42 U.S.C. § 1981, or WLAD. Moreover, although Defendants haphazardly imply that the court should find that Defendants failed to promote Mr. Weil on April 1, 2013, and terminated him on August 15, 2013 (*see* Mot. at 12; Prop. Order (Dkt. # 68-1) at 1-2), the dates that Defendants failed to promote and subsequently terminated Mr. Weil are factual issues that Defendants offer no argument on (*see generally* Mot. at 7-12). In fact, Defendants explicitly state that the question presented by their motion "is a pure question of law." (*Id.* at 8.) Although the relevant dates may be undisputed or easily susceptible to summary judgment, the court will not wade into factual issues without a formal invitation. Thus, the court concludes that the specific dates that Defendants failed to promote Mr. Weil and the date of his termination are outstanding factual issues.

//

# IV. CONCLUSION

For the reasons set forth above, the court GRANTS Defendants' motion for partial summary judgment (Dkt. # 68). If Mr. Weil prevails on his failure to promote claim, he is not entitled to front pay and is only entitled to back pay for the period between the date that he was denied a promotion and the date of his discharge.

Dated this 8th day of November, 2019.

JAMES L. ROBART
United States District Judge